Thank you. We will turn to our fourth case of the morning. 20-6018 Frank v. Crawley Petroleum Corp. Mr. Sharp, are you ready to proceed? I am, your honor. May it please the court. I represent appellants. We simply tried to dismiss this case with prejudice and found ourselves getting be binding non-parties. Both class members, future class members, as well as attorneys, are non-parties. Both sides of this case advised Judge Wyrick that his purported order was not supported by the law, but he proceeded anyway. Dismissal with prejudice is pretty simple. There's a provided limited simple option of attorney's fees against the plaintiff under Rule 41A2, and that's set forth in Aerotech and only for exceptional circumstances. Those exceptional circumstances obviously were not present in this case as Judge Wyrick found there was no vexatiousness in this case. And as this court has also found in the Vanguard v. Kieran case back in 2008, that filing a second similar lawsuit in a dismissal with prejudice context was not an exceptional condition warranting attorney's fees. This court has also found in the involuntary or in the dismissal without prejudice situation that filing a second advantage is not sufficient to constitute legal prejudice invoking conditions to be placed on that plaintiff. Judge Wyrick's sua sponte, those are his words, not mine, he provided his own rewrite of Rule 41 in those conditions, not only on myself, but any future plaintiffs that I may A lot had happened in the case already. Is that correct? There had been briefing on class certification, but other than that, nothing else had happened. There was nothing set for trial. No motions for summary judgment. Was there any discovery? Was there any discovery? Absolutely. There's always discovery in these cases as defendant always has all the evidence. What did discovery concern? Did it concern the merits or just the propriety of certification? It would concern both usually, Your Honor, because there's overlap of merits and class certification because you have to present a prima facie case on the merits to gain class certification. So class certification is a little bit of both. So there would have been some have been completed for class certification, but there was no motions for summary judgment or anything of that nature that this court held in the Church Mutual Insurance Company versus Salt Lake City Wesleyan Church. There's no trial preparation just because you've engaged in some discovery and motion for summary judgment. That's not sufficient. Excuse me. Try to keep your answers specific to the question. Now I've lost my train of thought because you went beyond. I'm sorry. You are not challenging the second provision of the court's order saying that the discovery should not be repeated if plaintiff counsel brings another action. Is that correct? That's correct, Your Honor, and that would be true because that discovery is available to the defendant and hopefully would be available to the plaintiff anyway because discovery is not lost. Why do we have to decide this now? You haven't come forward with anything to suggest that you've got another class representative and that you're about to file an action and that you have some imminent injury that you're facing. Well, we have present injury because we won't be able to represent Crawley royalty owners, not with this pending order sitting out there that says, one, you've got to come back in front of Judge Weyrich. Do you have any evidence? You say we won't be able to. Have you tried? Have people turned you down? Have they gone to different lawyers? What is the evidence that you've put forward to show that you have standing now to bring this case? Yes, the standing now would be that there is a sanction against my firm so that I can't proceed. There's also an order that says in the event that we do, the plaintiff would be subject to potentially a million dollars in attorney's fees. That really closes the courthouse door and is present injury as to my firm seeking any kind of ability to go forward with a Crawley royalty owner. Of course, we couldn't present evidence before the order came down or before the order became final. We would only be able to submit that type of evidence that Your Honor is mentioning after this order came down. And yes, I have spoken with Crawley royalty owners, and they are not willing to go forward in this context. The reason I would speak with Crawley royalty owners is I already have substantial information about the wrongdoing that Crawley has been engaged in. Crawley is not They're concerned about being sued again by literally by me because I tend to sue some of the smaller defendants that other class action lawyers will not pursue. And so having them approach me and I have to advise them, I really can't represent you because you're taking on a significant risk of attorney's fees issues because of this order, because of this sanction. I suggest that they look elsewhere. They have been unable, at least as far as I know, to find any other counsel because no other cases have been filed against Crawley. To my knowledge, Crawley would probably know that better than I. With respect... Can I ask a different question? If we were to agree with you that these conditions are inappropriate, wouldn't the remedy be to remand, well, to reverse, I guess, the conditions, but then to remand for the court to reconsider whether the court even wants to accept the dismissal or to impose other conditions or maybe to postpone the decision until the court rules on class action or other pending motions? So my question is, if we agree with you that this was wrong, what is our remedy and what do you think we are precluded from considering in a remedy? Well, I don't know that the court is precluded necessarily from considering very many remedies. The one I would suggest is the one that you followed in the Olander case, which was simply to rule and not remand the case. In this case, it would be a dismissal with prejudice, ends the case, there's no further remand necessary. In the event that you were to remand this case, we would ask you remand it to a case that hasn't already shown that he's going to be against the plaintiff and against, in particular, my firm as to how the outcome might come out. So either way, that would be options of the remedy that we would suggest you take. And a third remedy would be to remand to this judge and say, you've got to act reasonably promptly on the request to dismiss, but if there's other pending motions that, from a judicial efficiency point of view, are ready to be disposed of, we're not going to preclude that. Would you challenge that as an inappropriate remand? Well, after the length of time that has gone, this class certification briefing was fully briefed, I think, by 2017. We've had now two or three years that have gone by. Of course, the Naylor Farms v. Chaparral case that was handed down by this court in 2019 now shows the way for class certification. We had a chance to supplement that briefing somewhat, but we don't have the full updated discovery that would be necessary for a class certification ruling. There has been no ruling on class certification. We would need to get any that Crawley has. Now, granted, that would not be substantial because they've already produced most of that information, and it doesn't change greatly over time, but there may be also nuances we would want to explore with respect to, for instance, the Sunoco case that recently came out that allowed punitive damages under the Energy Litigation Reform Act. That case went to trial. Over $100 million was the verdict, and I think that case is now coming up to the 10th Circuit as well. So, I think both sides would probably. So, would it be your position that if we remanded and we disagreed about whether Judge Wyrick was so biased and prejudiced that we shouldn't remand him? So, if we disagree with that, then we'll remand back to Wyrick. Do you think that a remand could say, just take the case whole, and should we say you need to rule on the motion to dismiss immediately before you do anything else, and if there is still record issues open, you can't pursue them to resolve other motions before you deal with a motion to dismiss? Or could we remand and say, if you're far down the road with these other motions, you can postpone ruling on the motion to dismiss until you take additional evidence and rule on other motions that have been pending for you for a long time? Your Honor, I would suggest the former approach to just simply rule on the motion to dismiss. There's been no evidence that the court or anyone else was far down the road on class certification, plus that briefing is getting somewhat stale. In addition, you have at this point a plaintiff, if you were going to go forward with class not accepted. So, as a result, he may not be an appropriate class representative to go forward on behalf of the class for a class action that may go for another two or three years. But you can substitute a new class representative in without dismissing the case. You certainly could, assuming you had a class representative that was willing to go forward under all of those circumstances. Royalty owners generally are in the 70 to 80 years old range. They're obviously going to be wanting to know what's the prospect of whether you're going to be certified as a class and get through to the merits. And I should address the question. I'm not suggesting that Judge Wyrick is biased. I'm suggesting this may indicate an appearance of impropriety that you should move the case on to someone else. I think it's a much harder burden to prove bias. And the fact that Senator Whitehouse may have suggested that, and that may be in the public domain, does not necessarily make it true. With respect to the issues of legal prejudice, or as the court has said, substantial or clear legal prejudice, this court could look at the four O lambda factors. Judge Wyrick certainly did. And I will address those in turn, although it's not crystal clear to me that they apply with respect to a dismissal with prejudice. The first one being Crawley's effort and expense preparing for trial, as I indicated, and maybe overstayed my welcome on that question. This court has ruled previously in the church mutual insurance case that trial preparation of discovery and even motion for summary judgment is not sufficient to trigger clear legal prejudice. And really, Crawley here is not concerned about that it's got effort and expense in preparing for the trial, or even preparing for class certification. What it's really concerned is that that will not be wasted time and that there will actually be another case filed. The fact discovery, that's not going to be wasted. It's stored electronically and can be reproduced at the push of a button, legal briefings the same way. What Crawley fears is the merits, there's been more than a billion dollars recovered by royalty owners in Oklahoma alone. So these cases are not frivolous. These are not a nuisance value settlement type cases. They are real cases. Plaintiff's lack of diligence in this case, there's been no evidence of that, really not even alleged. With respect to the insufficient explanation for dismissing, while legally, the issue is whether the dismissal explanation legally prejudices Crawley. Certainly, that doesn't happen here. As I indicated, there was issues with respect to health, which is usually something with respect to the court is not required to be publicly stated. Judge Weyrich, instead of going down that path, decided to jump the tracks and go to this issue on forum shopping. And I do want to address this briefly, because I think his definition is, quite frankly, wrong legally. I think the 10th Circuit and Predator International versus Gameo Outdoor established that improper forum shopping, as opposed to proper forum selection, improper forum shopping is when, quote, a party attempts to avail itself of a forum it perceives to be more favorable without any legal or factual basis for doing so, thereby causing unnecessary delay or needlessly increasing the cost of litigation, unquote. That case, I think, sets forth the proper standard for what is improper forum shopping versus forum selection. Forum selection was used by both parties in this case. Counsel, wrap this up. Your time has expired. I'm sorry, Your Honor. I will wrap up and ask that the court consider the remedy in Olander and simply dismiss this case with prejudice. Thank you, Your Honor. Counsel. Mr. Stein. Thank you, Your Honor. May it please the court. My name is Patrick Stein, and I represent defendant Apple Lee, Crawley Petroleum, will be presenting argument on its behalf this morning. Nobody has presently been hurt by the judgment below. A fundamental precept of appellate jurisdiction is that in order to appeal, someone the party appealing must have been directly aggrieved by that judgment. Mr. Frank. I don't know how you can say that nobody was hurt. If you take an attorney and say that that attorney, if that attorney is going to represent certain clients, has got a lot of baggage that goes with it. And that baggage is already declared and already decided. There's nothing hypothetical or future about it. That baggage has been put on that attorney shoulders. And I don't know how you could say I'm hurt if I have to travel my professional career with an extra load that you have put on my shoulders right now. Yes, Your Honor. So let me address that in kind of two phases. One, I want to start with this idea that what the conditions that Judge Wyrick imposed were sanctions, they were not. A sanction is fairly well stated in this Butler opinion that plaintiff cites got to have a finding of misconduct. So when you order finding misconduct as an appealable sanction, that hasn't happened here. And so without the sanction hook to rely upon, we're back to when our Rule 41A conditions of dismissal appealable. And this then courts have drawn lines between what's called legal prejudice and practical prejudice. And I want to juxtapose the Versa Products case from the 11th Circuit with the Lecomte case from the 5th Circuit talking about these points because the conditions on counsel haven't come to fruition yet, right? The attorney's fee, when in particular, just tells us that we have the right to file a motion under Rule 41D for costs and attorney's fees. Crawley hasn't been awarded any attorney's fees at present. I think you put that aside. You can put that and the continued discovery aside because the rules deal with those. But just deal with the restriction on the attorney that if the attorney is going to file, the attorney has to file in this particular district and before Judge Wyrick. Right. I'll point the court to the Versa Products case on the venue restriction. Okay. And in that case, there were two conditions that were imposed by the district court. One was attorney's fees. One was a venue restriction that said any refiling will be in the Northern District of Georgia. The 11th Circuit in that case dismissed the case and said that that venue restriction just preserved the status quo and requiring a case that was properly in the Northern District of Georgia to be refiled in the Northern District of Georgia was not the kind of legal prejudice that gave the party a right to appeal right then. So too here. The case was originally and properly removed in October of 2014 to the Western District of Oklahoma and it was litigated there for four and a half years before a judicial assignment caused Frank's counsel to, in the words of the appellate brief, in light of that assignment, they sought dismissal. Frank's counsel, after subjecting Crawley to substantial expense, wants to run out of court and go bring another lawsuit in another forum. Now, I agree with Mr. Sharpe that if that subsequent lawsuit, if there's no basis for subject matter jurisdiction in that subsequent lawsuit, then Judge Wyrick's order can't supply subject matter jurisdiction for that subsequent lawsuit. But Judge Wyrick's order, the district court's order, limited his substantially same as the Duncan Frank lawsuit that was brought. That would include lawsuits within federal court's CAFA subject matter jurisdiction. And so, yes, there is a restriction that if Mr. Sharpe and his colleagues are going to file substantially similar class action against Crawley, that that be done in the Western District of Oklahoma. But that is not the type of legal prejudice that gives rise to an appealable order. You don't think that legally that that is going to deter his ability, his free ability, to get and accept clients? Again, I would point the court back to the distinction between practical prejudice and legal prejudice. I mean, frankly, we have no idea how Judge Wyrick is going to rule on any of these issues. He's a newly appointed judge. He's a blank slate. Well, he's a blank slate, but there's been some history of acrimony there, apparently. I think it's anticipated more than real, Your Honor. But in any event, having to file a case in the Western District of Oklahoma where we have litigated this one for four and a half years, that's not a legal prejudice. And if the concern is that the plaintiff is not going to get a fair shake in some other court, I mean, or isn't going to get a fair shake in the Western District, I just don't think that there's anything to support that, Your Honor. Let me get to the heart of the order. What was the purpose of the order? Why impose any restrictions at all on the right of Mr. Frank to have, or the, I'll say right, of Mr. Frank to dismiss his case with prejudice? What harm to Crawley, what unfair thing happening to Crawley requires these restrictions? Sure, Judge. So, two things that I think are reflected by the district court's order and supported by the record. One, it's the duplicative litigation expense that's going to come in the next case to get the anticipated next case to the same position this one was in. Okay, well, but what if this was litigated and the judge said, I'm not certifying a class? So, then Mr. Sharp can get another client and bring another class action case, even if the judge ruled that way. Do you agree? I do agree that he can know. So, what's wrong? So, where's any harm to you from the dismissal with prejudice, even if this went on to class certification and Mr. Sharp lost, he could still bring another case. He could bring another case, Your Honor. And I'm going to reference the Smith versus Byer case from the US Supreme Court that held that there's no issue preclusion on a subsequent class rep as a matter of federal law. But I want to go further down that Justice Kagan's opinion for the court in there, where she didn't say that this issue isn't real. She said, principles of comedy, we would expect federal district courts to apply principles of comedy in that subsequent case so that we are not continually re-litigating the certification issue. So, yes, he could file the case. And yes, issue preclusion if federal law is the test doesn't apply. But that doesn't mean that we're still serially re-litigating the certification issue in every case. Well, it doesn't. No, it doesn't mean you're serially re-litigating. It's just that the winner, I guess you, would want the later judge to agree with the first judge's ruling. But district judges in the same division disagree with one another. There's no legal, you haven't suffered any legal injury by having this proceed. So I don't see any need, I don't see what the purpose of this, of these restrictions are. You're not worse off than if you had won on certification. I disagree with that, Your Honor. We would be worse off. And how would you be worse off than if you had proceeded to litigate certification and you won? You would be worse off because the Judge Wyrick's decision might be persuasive to another judge. Yeah, and to the point... Anything else? To the point that we wouldn't have to go through this rigmarole again. Or we wouldn't have... You would. What wouldn't you have go through? I would file an early motion to dismiss based on the prior dismissal. And of course, it's kind of speculative depending on what... I think, let me back up, I think the principles of comedy issue could be raised before the motion for class certification. I think it could be raised at effectively a 12-B motion context. And state to the judge that you should follow what Judge Wyrick did just as a matter of comedy. Yes, that these issues have already been... I don't think that's a legal right. That strikes me as... Not very substantial given how often at least it seems to me district judges in the same district disagree on important matters all the time. I see my colleague smiling, maybe I'm wrong about this, but I... I've observed that as well. Yes. I take the court's comment and I want to move on to the second thing I want to focus on. This sounds to me like it's dispositive. Maybe you're still responding to why you're worse off than you would be if this proceeded to a decision. Go ahead. I think the second component of this is we're four and a half years in and the decision to leave and go refile is purely driven by trying to select a more favorable judge. And that is... I mean, I didn't get to pick the first judge that got assigned to the case. I didn't get to pick the second one. I didn't get to pick the third one. I didn't get to pick this panel. But that's implicit in the Supreme Court's ruling that if you lose on certification, you can start all over again with another plaintiff, go to another court, go to another district perhaps. That's just... that may be problematic, but it's the law and it's not clear how you're worse off. In fact, you're better off because there might be statute of limitations defenses that arise. The longer the first case is taken, the more likely you've got problems if you file a new case. I disagree with the court's characterization that we're not worse off or that we are worse off. You're worse off, but that's a consequence of what the law is. That's the consequence of the fact that a decision denying class certification doesn't bind any member of the class who isn't a named party. That may be unfair, but that's the Supreme Court's decision. And given that, I just don't see any need for you to be protected by this order. I'm repeating myself. So I want to point the court to... this isn't on all fours, but I want to point the court to the Brown versus Bakke case out of this court where there were still... the district court there imposed conditions on the fees issue and the discovery carrying over in a subsequently filed case. Even though the court permitted dismissal there, the court still awarded attorney's fees to compensate for the duplicative effort. And so it's this duplicative effort that's not occasioned a subsequent filing, but we would have a decision and we're going to have to redo the discovery we did in this case and to do additional discovery in the next case. Why are you going to have to redo it? I thought the order does... they're not challenging the part of the order saying the discovery should be reused. Yeah, I was imprecise. The discovery we've done, we can reproduce in terms of document production. What we will have to do, though, is retool all of our expert reports. We'll have to retool all of our legal arguments to address the new named plaintiffs. And that's not just a matter of pushing a button, as Mr. Sharpe said, that's significant merits-based work that we will have to do. When you say to address the new named plaintiffs, that's... is that any different from whenever they substitute plaintiffs in the same proceeding? Is this discovery and argument related to the adequacy of representation of the new plaintiff, or is there something more going on here? Part of it's related to the adequacy of representation of the new plaintiff, but I also tailor the arguments about commonality and typicality around the named plaintiff's claim. So I'm closing in here, and I want to come back to this fundamental precept that nothing presently has happened to Mr. Sharpe in his law firm. He hasn't been sanctioned, and the venue restriction that is imposed is not the type of thing that gives rise to legal bias. And so we ask that the court dismiss this appeal for lack of jurisdiction or alternatively affirm. Thank you. Thank you, counsel. Any further questions from the panel? No. Thank you. Case is submitted and counsel are excused.